**In the District Court for the United States of America**
**District of New Hampshire**

DISTRICT OF NH
FILED
2022 NOV 11 A 11: 29
DEPOSITORY

| | | |
|---|---|---|
| Elvis-Jack: Pacaya, | ) | |
| Petitioner | ) | EMERGENCY RELIEF REQUIRED<br>EX-PARTE PERMANENT<br>RESTRAINING ORDER REQUESTED |
| v. | ) | |
| ORLANS PC | ) | CASE NO. |
| Respondent | ) | |

**VERIFIED PETITION FOR PRELIMINARY INJUNCTION/EMERGENCY PERMANENT RESTRAINING ORDER**

Coming as Petitioner, Elvis-Jack: Pacaya, a man in propria persona, non-"pro se" coming with good faith, good conscience, and for good reason states as follows:

1. This is an action for money damages and/or just compensation, and injunctive equitable relief via permanent restraining order.

**JURISDICTIONAL ALLEGATIONS**

2. This petition is brought in the original exclusive judicial power granted to the federal courts in Article 3, Section, 2, Subpart 1 of the Constitution for the United States of America.

3. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 as the subject matter of this case pertains to Federal laws relative to debt collectors and 15 U.S.C. § 1692(c), (a)(d)(4), (f)(1)(6)(A), (i), (j)(a)(b).

4. Venue lies in the District Court of the United States of America for the District of New Hampshire because a substantial part of the events or omissions giving rise to Petitioner's claims occurred in Grafton County, New Hampshire. 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Petitioner is a Private Citizen of the United States Private, American national non- "US citizen," who privately resides within a non-military occupied private estate, outside a "Federal Zone" at Grafton county, New Hampshire.

6. Petitioner can receive mail in care of PO Box # Four-Thirty-Two, Littleton, New Hampshire

7. Respondent ORLANS PC is a Foreign Corporation organized under the laws of the State of Massachusetts and licensed to do business in New Hampshire. Their agent for service of process is JULIE MORAN WITH ADDRESS OF: 204 2ND AVENUE, SUITE 320, WALTHAM, MA 02451.

## STATEMENT OF FACTS

8. Petitioner is the holder in-due-course of real property known by a mailing location of 145 Bishop Road.

9. Petitioner acknowledges he does not own said address, but uses such designation for convenience of the record. A legal description of real estate property is attached. *See Deed*

10. Petitioner and respondent have not entered into any written, oral, expressed agreement or contract which authorizes Respondent to interfere with Petitioner's commercial abilities.

11. Upon study of mailings, and notices from Respondent, Petitioner believes there to be wrongful foreclosure actions taking place, and scheduled for November 14-16 of 2022.

12. On or about the 3rd week of July of 2022 Petitioner received Notice of Intention to Foreclose dated July 14, 2022 from Respondent.

13. On or about July 25, 2022 Petitioner certified mailed via notary public, an Order to Cease and Desist and Rejection of Offer to Contract to Respondent. *See attachment*.

14. Respondent picked up said mailing, from the postal service on July 29, 2022 at 7:39 am.

15. Respondent has failed/refused to acknowledge and to comply with said Order to Cease and Desist and Rejection of Offer to Contract.

16. Respondent appears to be a 3rd party debt collector without any evidence or proper claim against Petitioner.

17. Petitioner sees no record or evidence proving Respondent is not a 3rd party debt collector.

18. Respondent appears to be in violation of 15 USC § 1692(c)(a).

19. Respondent did not have Petitioner's consent to contact him regarding an alleged debt.

20. Respondent appears to be in violation of 15 USC § 1692(d)(4).

21. Respondent sent Petitioner Notice of Intention to Foreclose if the alleged debt was not paid.

22. Respondent appears to be in violation of 15 USC § 1692(e)(2)(a), (4), (5), (10).

23. Respondent alleged amount of alleged debt to be more than the actual amount.

24. Respondent threatened Petitioner with unlawful foreclosure while attempting to contact, via postal mail, Petitioner's spouse to collect information for their invalid debt.

25. Respondent appears to be in violation of 15 USC § 1692(f)(1), (6)(A).

26. Respondent is attempting, through non-judicial actions, to collect an absurd amount for a debt that they have not been authorized to by Petitioner via any agreement or contract.

27. Respondent appears to be in violation of 15 USC § 1692(i).

28. Respondent has no right to bring any legal actions i.e. foreclosure sale of real property, against Petitioner.

29. Respondent appears to be in violation of 15 USC § 1692(j)(a)(b).

30. Respondent has construed and implied that an original creditor is participating in this collection of an invalidated debt which Petitioner sees no, and has no evidence or records of.

31. Petitioner sees no evidence of any duty to Respondent.

32. Petitioner faces irreparable harm by way of loss of shelter during the cold winter months.

33. Petitioner seeks for award of $3,000,000.00 donated to charities of Petitioner's choosing, and Emergency Permanent Restraining Order *Ex Parte* to enjoin the Respondent from conducting an unlawful foreclosure sale on November 14-16, 2022.

34. Petitioner is open to Respondent returning the original wet-ink signature note, or a full accounting of on-ledger/offledger with a check for the full amount if note was lost or destroyed.

35. Petitioner attaches his Notice of Preservation of Interest publicly recorded with Grafton County Register of Deeds which can be satisfied with fee of $528,581.04 as just compensation for items in Exhibit X. *See attachment*

36. The imminent, irreparable harm faced by the petitioner far outweighs any potential harms to the respondent.

37. Granting the requested preliminary injunction shall not cause harm to the public.

38. Petitioner has a high likelihood of success based on the merits of his case.

**RELIEF**

WHEREFORE, Petitioner moves the court to;

a) Enter an Emergency Permanent Restraining Order *Ex Parte* to enjoin the Respondent from conducting a foreclosure sale (see attached motion and proposed order),

b) Enter an order for a hearing so the respondent may answer the allegations herein,

c) Enter an order requiring Respondent's compliance with federal laws aforementioned in items 18-30.

d) Enter an order for award of $3,000,000.00 to be donated to charities of Petitioner's choosing.

e) Enter an order for Respondent to validate their claim of a debt, or satisfy Petitioner's Notice of Preservation of Interest with fee of $528,581.04 as just compensation.

f) Enter an order for US Marshalls to conduct all service of process needed to insure justice.

g) Further relief the court may deem in good faith, good reason, good conscious, fair, and just under the circumstances.

Dated this 10th day of 11th month in the year of Our Lord, two thousand and twenty-two, and the independence of the United States of America, two hundred and forty-six.

By: Elvis-Jack: Pacaya

Elvis-Jack: Pacaya/grantor-beneficiary

**Without recourse Without prejudice**

VERIFICATION

STATE OF NEW HAMPSHIRE

COUNTY OF Grafton

BEFORE ME personally appeared Elvis-Jack: Pacaya who, being by me first duly sworn and identified in accordance with New Hampshire law, deposes and says:

1. My name is Elvis-Jack: Pacaya, affiant herein.

2. I have read and understood the attached foregoing petition filed herein, and each fact alleged therein is true and correct of my own personal knowledge.

FURTHER THE AFFIANT SAYETH NAUGHT.

By: Elvis-Jack: Pacaya
Elvis-Jack: Pacaya, Affiant
**Without recourse Without prejudice**

Affirmed and subscribed before me this 10 day of November 2022.

Maria Walker

Notary Public

My commission expires: March 9, 2027

MARIA WALKER
STATE OF
MY COMMISSION EXPIRES
MARCH 9, 2027
NEW HAMPSHIRE
NOTARY PUBLIC